# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| RONJIEL SHARPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.:_____ |
| v. | ) | |
| | ) | |
| INFOMART, INC., and CHOICEPOINT, INC., | ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Ronjiel Sharpe, complaining against Defendants and will show unto the Court as follows:

### *JURISDICTION AND VENUE*

1. The jurisdiction of this Court attains pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in the Northern District of Alabama as Plaintiff's claims arose from Acts of Defendant perpetrated therein.

### PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA") which says that a collection entity must provide a report so that the accuracy and completeness of the report may be verified and contested by the consumer, and State of Alabama common law claims for defamation, wantonness, negligence, and invasion of privacy (hereinafter "state claims").

## PARTIES

3. Plaintiff, who is over the age of 19 years, is a natural person and a resident and citizen of Tuscaloosa County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

4. Defendant Infomart, Inc. (hereinafter "Infomart") is a corporation engaged in the business of furnishing consumer credit information in the state of Alabama. Infomart is a "furnisher of information" as contemplated by FCRA section 1681s-2(a) & (b) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

5. Defendant ChoicePoint, Inc. (hereinafter "ChoicePoint") is a corporation engaged in the business of furnishing consumer credit information in the state of Alabama. Infomart is a "furnisher of information" as contemplated by FCRA section 1681s-2(a) & (b) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was a citizen of Tuscaloosa County, Alabama.

7. On or about October 21, 2004, Plaintiff applied for employment with FedEx Corporation (hereinafter, "FedEx").

8. FedEx denied Plaintiff's request for employment based upon information provided by Defendant InfoMart to FedEx relating to Plaintiff's background, otherwise known as a "background check."

9. Defendant InfoMart's "background check" of Plaintiff indicated that Plaintiff had been twice convicted of a felony.

10. Plaintiff asserts that he has in no way committed and/or been convicted of these criminal or illegal acts reported by Defendant InfoMart.

11. Plaintiff repeatedly contacted Defendant InfoMart requesting that it remove these invalid criminal or illegal acts.  Defendant InfoMart has not removed and continues to report this defamatory information regarding Plaintiff's criminal history.

12. On or about April 16, 2007, Plaintiff applied for employment with United Parcel Service (hereinafter, "UPS").

13. UPS denied Plaintiff's request for employment based upon information provided by Defendant ChoicePoint to UPS relating to Plaintiff's background.

16. Defendant ChoicePoint's "background check" of Plaintiff indicated that Plaintiff had been twice convicted of a felony.

17. Plaintiff asserts that he has in no way committed and/or been convicted of these criminal or illegal acts reported by Defendant ChoicePoint.

18. Plaintiff repeatedly contacted Defendant ChoicePoint requesting that it remove these invalid criminal or illegal acts. Defendant ChoicePoint has not removed and continues to report this defamatory information regarding Plaintiff's criminal history.

**CAUSES OF ACTION**

19. Plaintiff expressly adopts as to each of the following causes of action, as if fully set forth in each claim, the allegations of paragraphs 1 - 18 above.

## COUNT I

## FAIR CREDIT REPORTING ACT (FCRA)

20. Plaintiff restates and reiterates herein all previous paragraphs.

21. Defendant has:

   a.) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

   b.) defamed plaintiff by publishing to third parties false information regarding his creditworthiness;

   c.) invaded the privacy of plaintiff;

   d.) committed unfair and deceptive acts against plaintiff in the course of its business in violation of the Consumer Protection Act, RCW 19.82.020; and

   e.) failed its duty to prevent foreseeable injury to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendant's conduct violated the FCRA;

   B. Actual damages;

   C. Statutory damages pursuant to 15 U.S.C. § 1681p;

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681p; and,

   E. For such other and further relief as the Court may deem just and proper.

## COUNT II

## DEFAMATION

22. Defendants published and/or caused to be published defamatory statements regarding Plaintiff, as set forth herein above.

23. At the time of said publications, Defendants either knew that the statements were false or acted in reckless disregard of their truth or falsity.

24. Defendants made said false and defamatory statements to third parties as more particularly described herein above.

25. Defendants' false and defamatory statements imputed to Plaintiff's character, including corruption, criminal conduct, and violations of the law, were defamatory and libelous *per se*.

26. As a direct and proximate consequence of Defendants' acts of defamation, Plaintiff was injured in that Plaintiff was subjected to embarrassment, humiliation, and severe mental and emotional distress, including the loss of potential employment.

## COUNT III

### WANTONNESS

27. Defendants' conduct, as herein described, was wanton in that it was carried on consciously and/or deliberately and with reckless and/or conscious disregard for Plaintiff's rights.

28. As a direct and proximate consequence of Defendants' acts of wantonness, Plaintiff was injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT IV

### NEGLIGENCE AND GROSS NEGLIGENCE

29. Defendants owed Plaintiff the duty of due care not to do any act which would negligently, recklessly, wantonly, or willfully injure Plaintiff.

30. Defendants breached this duty of due care.

31. As a direct and proximate consequence of Defendants' beach of this duty of care, Plaintiff was injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT V

## INVASION OF PRIVACY

32. Defendants' conduct, described herein above, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

31. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

WHEREFORE, Plaintiff prays for the following relief:

   A. Plaintiff prays that the Court will enter a declaratory judgment that the Defendants' defamatory words and actions, complained of herein, are unlawful and defaming;

   B. Plaintiff prays that the Court will permanently enjoin Defendants, their agents, successors, officers, employees, attorneys, and those acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

   C. Plaintiff demands liquidated punitive and compensatory damages Defendants;

   D. Plaintiff prays that the Court will grant such other, further, and different relief as to which he may be entitled, including such legal and equitable relief as to which he

may be entitled; and

E.  Plaintiff prays that the Court will grant him the cost of this action, including reasonable attorney's fees.

RESPECTFULLY SUBMITTED on this the __10th___ day of July, 2007.

_____
ANDY NELMS (NEL022)
Attorney for Plaintiff

OF COUNSEL:
THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
andynelms@jaylewislaw.com

**PLAINTIFFS DEMAND TRIAL BY JURY**